## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN WINGFIELD, MARY KOCH, ANNE HARRIS, and RAYMOND WINGFIELD,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NASSAU LIFE INSURANCE COMPANY and JOHN HOCHGRAEFE,<br><br>　　　　Defendants. | Case No. CIV-21-00487-JD |

## FIRST AMENDED COMPLAINT

COME NOW the plaintiffs, Susan Wingfield, Mary Koch, Anne Harris, and Raymond Wingfield, and for their first amended complaint against the defendants, Nassau Life Insurance Company ("Nassau") and John Hochgraefe, allege and state as follows:

1. Plaintiffs Susan Wingfield, Mary Koch, and Anne Harris are citizens of the state of Oklahoma. Plaintiff Raymond Wingfield is a citizen of the state of Texas.

2. Defendant Nassau Life Insurance Company is a citizen of a state other than Oklahoma or Texas.

3. Defendant John Hochgraefe is a citizen of the state of Oklahoma.

4. On or about December 4, 1987, plaintiffs' father, Bill R. Burruss, contracted for a policy of Accidental Death and Dismemberment Insurance with defendant Nassau's predecessor in interest, Phoenix Mutual Life Insurance Company, that provided, among other things, benefits due to the accidental death of Mr. Burruss.

5. Each of the plaintiffs were named by Bill Burruss as a beneficiary of the Accidental Death policy and were entitled to share the policy benefits equally.

6. At all relevant times set forth herein, said policy of insurance was in full force and effect and Mr. Burruss had, and/or the plaintiffs have, complied with all conditions precedent not waived or excused by defendant Nassau's conduct.

7. On or about January 24, 2020, Bill Burruss broke his femur in 3 places when he accidentally fell off of his porch in cold weather conditions.

8. The broken femur Mr. Burruss suffered was a bodily injury resulting from an accident, independently of all other causes.

9. As a result of the broken femur Mr. Burruss suffered, he was hospitalized and on January 25, 2020, he underwent surgery to repair his broken femur.

10. As a result of the broken femur Mr. Burruss suffered as a direct result of his accidental fall and which injury was independent of all other causes, Mr. Burrus died on January 26, 2020, just 2 days after his accidental fall.

11. At the time Bill Burruss died on January 26, 2020, all premiums that were due for the Accidental Death policy had been paid and had been paid for more than ten continuous years.

12. Based on the circumstances of the accidental injuries Mr. Burruss suffered independently of all other causes that resulted in his death 2 days later, Accidental Death Benefits under the policy are due and owing to the plaintiffs, the children of Mr. Burruss and his designated beneficiaries under the policy.

13. In breach of its contractual obligations under the insurance policy, defendant Nassau has failed and refused to pay all of the benefits that are due and owing to the plaintiffs, and plaintiffs have been damaged in the amount of the benefit owed but unpaid.

14. The entire course of conduct of defendant Nassau shows that it has also breached its duty of utmost good faith and fair dealing owed by an insurer to the plaintiffs as beneficiaries of the insurance policy. Among other things, defendant Nassau unreasonably failed to pay the plaintiffs the benefits due under the insurance policy based on a distorted interpretation of the policy's plain language; falsely denied the existence of the policy even though, months after the benefits were due based on the death of Mr. Burrus, defendant Nassau continued to send premium invoices for this policy addressed to Mr. Burruss; misrepresented the terms of the policy; failed to disclose to the beneficiaries all of the policy benefits available to them; failed to conduct an *adequate* investigation appropriate under the circumstances; failed to conduct a *full and fair* investigation and has placed its own interests ahead of those of the plaintiffs; delayed payment of policy benefits and has misrepresented the benefits that are available to the plaintiffs as beneficiaries under the policy. Defendant Nassau has acted unreasonably as there is no legitimate dispute as to plaintiffs' right to all of the benefits available under the policy.

15. As a result of defendant Nassau's breach of its duty of good faith and fair dealing, plaintiffs have suffered actual monetary damages in the amount of the policy benefits due and have also suffered inconvenience, loss of peace of mind and security, emotional distress, worry, and anguish.

16. Defendant Nassau's unreasonable failure and refusal to deal fairly with the plaintiffs in the absence of any legitimate basis or dispute is intentional, willful, malicious and in reckless disregard for the rights of the plaintiffs, as beneficiaries of their father's Accidental Death insurance policy. Therefore, plaintiffs are entitled to recover punitive damages to punish defendant Nassau for its conduct on this policy and to deter it and other insurers from engaging in similar future conduct.

17. For their alternative claims, Plaintiff states that defendant Hochgraefe is an Oklahoma insurance agent representing defendant Nassau, who worked with Mr. Burrus regarding the Nassau Accidental Death policy, including providing Mr. Burruss with Nassau's forms for changing beneficiaries and assisting him with those forms.

18. At all times relevant hereto, defendant Hochgraefe was an agent of defendant Nassau, acting within the course and scope of his agency relationship.

19. In mid-September 2020, plaintiffs learned that defendant Nassau's representation that there was no Accidental Death policy in force was not true when an invoice was sent to Mr. Burruss for the next year's premium on the Wrongful Death policy. At that time, plaintiff Susan Wingfield contacted defendant Hochgraefe, the defendant insurer's local agent, for assistance.

19. On or about September 21, 2020, defendant Hochgraefe represented to plaintiff Susan Wingfield that he had contacted defendant Nassau about whether there was an Accidental Death policy, and then advised her that there was no coverage for accidental death after the insured turned 75. This statement was not true because the subject Accidental Death policy that insured Mr. Burruss does not contain such a provision.

4

Defendant Hochgraefe either negligently or intentionally misrepresented the policy provisions of the Accidental Death policy with the intention that the plaintiff beneficiaries rely upon those statements and induce them to not pursue a claim for the Accidental Death policy benefits, and plaintiff Susan Wingfield, on behalf of the other beneficiaries, did reasonably rely on those misrepresentations for a time.

20. As a direct result of the negligent or intentional misrepresentations of defendant Hochgraefe, the beneficiaries suffered actual monetary damages resulting from their delayed filing of the claim and/or nominal damages, and one or more of the plaintiff beneficiaries, including Susan Wingfield, also suffered inconvenience, confusion, emotional distress, worry, and anguish.

WHEREFORE, plaintiffs Susan Wingfield, Mary Koch, Anne Harris, and Raymond Wingfield pray for judgment:

(1) against defendant Nassau Life Insurance Company for:

    (a) their respective share of the actual damages for breach of the obligation to pay all of the benefits due and owing under the policy of Accidental Death insurance issued to Bill Burrus in the amount shown to be due thereunder;

    (b) actual damages for breach of the duty of good faith and fair dealing in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332;

    (c) punitive damages in an amount sufficient to punish defendant Nassau for its conduct in this case and to deter defendant Nassau and other insurers from

        similar future conduct, but in any event in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332;

    (d)    prejudgment interest and costs;

    (e)    any other relief to which plaintiffs may be entitled; and

(2)    against defendant John Hochgraefe for

    (a)    actual damages and/or nominal damages;

    (c)    prejudgment interest and costs; and

    (d)    any other relief to which plaintiffs may be entitled.

s/James A. Scimeca  
KELLY A. GEORGE, OBA NO. 13445  
JAMES A. SCIMECA, OBA NO. 10950  
BURCH & GEORGE, P.C.  
1500 CITY PLACE BUILDING  
204 NORTH ROBINSON  
OKLAHOMA CITY, OKLAHOMA 73102  
(405) 239-7711  
(405) 239-7795 FACSIMILE  
kellygeorge@burch-george.com  
jscimeca@burch-george.com

*ATTORNEYS FOR PLAINTIFFS*

**ATTORNEYS LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of July 2021, the attached document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christopher B Woods: cwoods@kingwoodslaw.com

Andrew R. Kasner: andrew.kasner@mhllp.com

Ryan Goodland: ryan.goodland@mhllp.com

Joel W. Harmon: joel.harmon@crowedunlevy.com

Tara A. LaClair: tara.laclair@crowedunlevy.com

                                            s/James A. Scimeca  
                                            JAMES A. SCIMECA